

**Signed and Filed: November 2, 2012**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                                  ) Bankruptcy Case
                                       ) No. 10-33136DM
JAMES WILKES MILNES,                   )
                                       )
                        Debtor.        ) Chapter 7
_____)
MEGAN WONG, WARREN WONG, DIANNA        ) Adversary Proceeding
WONG, HANS KUFFER, ELSBETH KUFFER,     ) No. 10-3193DM
PHILLIP DIEP, JENNY TRAC, JOSEPH       )
CANATSEY, MICHELLE CANATSEY, JUNE      )
FUJI, DENNIS POOR, DENISE POOR,        )
MARK MISTAL and KITTYHAWK PRODUCTS,    )
INC., a Nevada Corporation,            )
                                       )
                       Plaintiffs,     )
                                       )
v.                                     )
                                       )
JAMES MILNES, individually and         )
dba JB LAND DEVELOPMENT, and dba       )
AMERICAN PRIME FUNDING,                )
                                       )
                       Defendant.      )
_____)
```

MEMORANDUM DECISION ON SUBMITTED MOTIONS

On September 13, 2012, the court held a hearing on the following motions: (1) Defendant's motion to dismiss or in the alternative for judgment on the pleadings ("Motion to Dismiss";

-1-

(2) Defendant's motion to vitiate, withdraw or amend automatic admissions; (3) Plaintiffs' motion for summary judgment ("Motion for Summary Judgment"; (4) Plaintiffs' motion for leave to file supplemental or amended complaint ("Motion to Amend"); and (5) Defendant's motion to compel discovery. The court took the motions under submission. For the following reasons, the Motion to Dismiss will be granted in part and denied in part; the Defendant's motion to vitiate admissions will be granted; the Motion for Summary Judgment will be denied; the Motion to Amend Complaint is denied; and the Defendant's motion to compel discovery will be denied.

I.  **FACTS**

  A.  *Plaintiffs' Allegations*

For the purposes of these motions, the court will assume as true the allegations of the Plaintiffs in the erroneously titled "Fourth Amended Complaint"[1] attached as an exhibit to the Motion to Amend. Plaintiffs contend that Defendant participated in a scheme with William Peavey ("Peavey") (a business partner and co-owner of JB Land Development, LLC ("JB Land")) to induce them to purchase tenancy in a common interests in various properties which would be developed for various purposes (e.g., as a mini-storage units, as an equestrian estate, etc.). See paragraph 38 of the Proposed Amended Complaint.

---

[1] This is actually the fifth amended complaint; as discussed later, a different fourth amended complaint was filed (without leave of court) on October 24, 2011. For the purposes of this memorandum decision, the court will refer to the erroneously-titled complaint attached to the Motion to Amend as the "Proposed Amended Complaint."

-2-

Plaintiffs allege, among other things, that Defendant and Peavey never had any intent to develop the properties, that they induced the Plaintiffs to invest by making promises that they knew were false at the time they made them, and that they knowingly misrepresented the status of the properties.  They also allege that Defendant and Peavey withdrew funds from escrow without authority.  Based on these and other factual allegations, Plaintiffs contend that debts owed to them by Defendant are nondischargeable under 11 U.S.C. §§ 523(a)(2)[2] (for false representation or fraud), 523(a)(4) (for both breach of fiduciary duty and embezzlement), 523(a)(6) (for willful and malicious injury) and 523(a)(19) claim (for a debt that (1) is for the violation of securities laws or fraud or deceit in connection with the sale of a security and (2) "results from" a judgment or order in a federal or state judicial or administrative proceeding).

B.  *Procedural History*

In February 2011, Defendant filed his first motion to dismiss the claims alleged by Plaintiffs in their second amended complaint.  Among other things, Defendant argued that their section 523(a)(19) claim was not ripe as no debt existed that arose from a "judgment, order consent order, or decree" pertaining to a violation of securities laws or fraud/deceit/manipulation in connection with the sale of a security.  That motion to dismiss was taken off calendar after Plaintiffs and Defendant filed a stipulation [Docket No. 29] permitting Plaintiffs to amend the

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-3-

complaint to remove the securities violation (section 523(a)(19)) claim, to remove a breach of fiduciary duty (section 523(a)(4)) claim, and to allege additional facts to support a section 523(a)(2) claim. Plaintiffs thereafter filed a third amended complaint in accordance with this stipulation, which Defendant answered.

On August 31, 2011, the court signed an amended scheduling order setting a discovery deadline of December 11, 2011, and providing in paragraph 2 that motions to amend the pleadings had to be filed not later than 30 days after entry of the order. Almost 60 days later (on October 24, 2011), Plaintiffs filed an untimely fourth amended complaint, but did not file a motion for leave to do so. That fourth amended complaint repeated the allegations from the first two complaints regarding violations of California securities laws, but did not specifically mention section 523(a)(19).

On August 6, 2012, Plaintiffs filed the Motion to Amend; among other things, Plaintiffs seek to reassert the section 523(a)(19) claim, basing the amendment on a Desist and Refrain Order issued by the California Corporations Commissioner in May 2012 that described violations of securities laws by Defendant and that prohibited him and Peavey from offering or selling securities in California. The Proposed Amended Complaint has not been filed, but is attached as an exhibit to the Motion to Amend.

　　　　C.　*Desist and Refrain Order*

On May 23, 2012, the California Department of Corporations issued a Desist and Refrain Order "For Violations of Section 25110

-4-

and 25401 of the Corporations Code" (the "Desist & Refrain Order"). The Desist & Refrain Order described the background of the investments by Plaintiffs and concluded that Defendant was president of JB Land and operated as a broker under the realtor Golden Pacific Real Estate ("Golden Pacific"). The order contained the following findings:

> 2. Peavey, [Defendant], JB Land and Golden Pacific offered and sold securites in this state including promissory notes and investment contracts in the form of tenant in common interests in real property. These offers and sales to at least 8 investors totaled $1,427,500 and took place between 2007 and 2009.[3]
>
> 3. Investors were assured of returns ranging from 20% to 25% for investments that were to mature in periods ranging from 3 months up to one year. Purchase agreements were offered to investors that promised JB Land would buy back property in one year with a guaranteed return of principal and 25% interest. The contract stated that JB Land would exercise exclusive management and control of the property development and take all necessary steps to carry out the development plan.
>
> 4. The <u>promise and the personal guarantee of that promise by Peavey and [Defendant] to repurchase land with a guaranteed return was false and known to Peavey and [Defendant] to be false at the time it was made</u>. The investment scheme outlined herein was offered and sold to at least 35 investors. In multiple transactions, the language of the purchase contracts issued by JB Land was identical, except for the dollar amounts and the investor names. The fundamental premise of each purchase agreement was the development of bare land. Not one identifiable structure was ever completed. No funds were ever repaid to the investors, other than when Peavey made an interest payment to encourage an investor to roll over the principal invested.

---

[3] The Desist & Refrain Order does not identify the affected investors. As acknowledged by Plaintiffs, other individuals and entities were investors in JB Land and were the victims of "similar schemes with separate projects with similar results." <u>See</u> paragraph 60 of the Proposed Amended Complaint. This adversary proceeding was filed by 14 plaintiffs who had allegedly paid Defendant $2.2 million in 2006, 2007 and 2008. <u>See</u> paragraphs 18-29 of the Proposed Amended Complaint. In contrast, paragraph 2 of the Desist & Refrain Order states that "at least eight" unidentified investors paid $1,427,500 between 2007 and 2009.

-5-

\* \* \*

> 6. <u>The promissory notes and purchase agreements executed by Peavey and [Defendant] and on behalf of JB Land and Golden Pacific were securities in the form of notes or investment contracts, and were offered or sold in this state in issuer transactions.</u> The California Corporations Commissioner is of the opinion that the securities in JB Land and Golden Pacific offered and sold by Peavey and [Defendant] are subject to qualification under the California Corporate Securities Law of 1968 and are being or have been offered or sold without being qualified in violation of Corporations Code section 25110.
>
> 7. Further, the California Corporations Commissioner is of the opinion that <u>the securities in JB Land and Golden Pacific were offered or sold in this state by means of oral or written communications which included an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading</u>, in violation of section 25401 of the Corporate Securities Law of 1968.
>
> 8. <u>The Commissioner believes that at all relevant times, Peavey and [Defendant] directly and indirectly knowingly controlled and induced each other or knowingly provided substantial assistance to each other to violate the provisions of the Corporate Securities Law within the meaning of Corporations Code section 25403.</u>

**See** Desist & Refrain Order attached as Exhibit "C" to the Motion for Summary Judgment (emphasis added). The Desist & Refrain Order does not indicate whether (or how) Defendant was served with it. Moreover, as noted in footnote 3 above, it does not identify the affected investors. Finally, it does not grant relief to the investors; it simply restrains Defendant and Peavey from selling or issuing securities.

II. <u>ANALYSIS</u>

    A. *Defendant's Motion to Dismiss or for Entry of Judgment on the Pleadings*

Defendant requests that this court dismiss the section 523(a)(2) claims by Plaintiffs, contending that they have not plead with sufficient particularity the facts to support an action

-6-

for fraud.  The court will deny this request as the amended complaint sufficiently sets forth in paragraphs 17-79 the transactions and facts to state a section 523(a)(2) claim that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2007).

Defendant also contends that Plaintiffs have not alleged facts to support a section 523(a)(4) claim.  In their opposition to the Motion to Dismiss, Plaintiffs argue that they have a claim for breach of fiduciary duty, even though they stipulated in 2011 [Docket No. 29] to dismiss that claim and even though neither the filed fourth amended complaint nor the Proposed Amended Complaint mentions breach of fiduciary duty.  To the extent that Plaintiffs are indeed attempting to assert a claim for breach of fiduciary duty, the court will grant Defendant's Motion to Dismiss that claim for several reasons.

First, Plaintiffs waived the breach of fiduciary duty claim in the stipulation.  Second, even if the breach of fiduciary duty had not been waived, the neither the Fourth Amended Complaint nor the Proposed Amended Complaint pleads the existence of any express or technical trust giving rise to a fiduciary duty by Defendant to Plaintiffs.  Therefore, a breach of fiduciary duty claim under section 523(a)(4) is not sustainable.  <u>In re Lewis</u>, 97 F.3d 1182, 1185 (9th Cir. 1996) ("The broad, general definition of 'fiduciary' is inapplicable in the dischargeability context. Instead, the fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt.").

Case: 10-03193    Doc# 76    Filed: 11/02/12    Entered: 11/05/12 16:21:31    Page 7 of 15

Defendant also contends that the embezzlement count of the section 523(a)(4) should be dismissed. In order to prevail on a section 523(a)(4) claim for embezzlement, the Plaintiffs will have to establish the following elements: (1) Defendant was rightfully in the possession of property that he did not own; (2) Defendant appropriated the property to a use other than for which it was entrusted to him, and (3) circumstances indicating fraud existed. In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991).

Paragraphs 18-38 of the Proposed Amended Complaint allege that Plaintiffs conveyed funds to Defendant to acquire tenancy in common interest in parcels of real property and that they did receive such fractional interests. Defendant (and/or Peavey and/or JB Land) agreed to repurchase the fractional interests at a significant profit within two years. Based on those allegations, Plaintiffs did not have an ownership interest in the funds paid to Defendant (or JB Land); rather, they acquired ownership interests in land and expected to receive a quick and profitable price on that investment. To the extent such funds were paid to JB Land (or to Defendant as alleged in paragraphs 18-29 of the Proposed Amended Complaint), ownership of such funds passed to JB Land or Defendant, and one cannot embezzle one's own property. In re Schultz, 46 B.R. 880, 890 (Bankr. D. Nev. 1985). The court will therefore grant the Motion to Dismiss with respect to the embezzlement claim.

Defendant also requests the court to dismiss Plaintiffs' 523(a)(6) claim for willful or malicious injury. The court will not do so, as the findings of the California Department of

-8-

Corporations in the Desist & Refrain Order and the allegations in the Fourth Amended Complaint sufficiently set forth a basis for a section 523(6) claim.  In particular, if those findings and the allegations of the complaint are accurate, Defendant seemingly committed intentional torts.  In <u>In re Diamond</u>, 285 F.3d 822 (9th Cir. 2002), the Ninth Circuit held that the facts that supported a section 523(a)(2) claim also supported a section 523(a)(6) claim, as the actions of the debtors giving rise to a fraud claim under section 523(a)(2) also gave rise to a state court jury finding that the defendants intentionally caused injury to the plaintiffs. There, sellers of a house completed a property condition checklist indicating no knowledge of any flooding, seepage, standing water or drainage problems on the property.  The purchasers soon thereafter experienced extensive flooding of their backyard and basement, and filed a state court complaint for fraudulent concealment, fraud, breach of contract and other causes of action.

The sellers filed bankruptcy, but did not inform the state court or purchasers.  A two-day jury trial thus proceeded in the absence of the sellers/debtors, and the jury answered the following questions affirmatively:

> (1) Do you find that the defendants' conduct constituted fraud or false representation?
> 
> (2) Do you find that the plaintiffs justifiably relied on the defendants' representations?
> 
> (3) Do you find that the defendants intentionally caused injury to the plaintiffs without just cause or excuse?

<u>Id.</u> at 825.

The bankruptcy court thereafter annulled the automatic stay and the state court entered a judgment against the

defendants/debtors; the purchasers filed an action to have the judgment declared nondischargeable. Applying the doctrine of issue preclusion, the bankruptcy court entered a judgment against the debtors under section 523(a)(2) and (a)(6) claims. The BAP affirmed. The Ninth Circuit affirmed, observing that the debtors committed a "willful and malicious injury" to the purchasers when they sold the property to them. This holding indicates that section 523(a)(2) and section 523(a)(6) claims are not necessarily mutually exclusive, so the court will not dismiss the section 523(a)(6) claims at this time.

Defendant also contends that the section 523(a)(19) claims for securities violations should be dismissed because the California Corporations Code exempts real estate transactions from the statutory requirements for the sale and issuance of securities and because there "is not final resolution" as to Defendant's liability for a violation of securities laws. While the court is not persuaded by the exemption argument, it does agree that Plaintiffs have not yet sufficiently pled the existence of the elements of a section 523(a)(19) claim.

The Desist & Refrain Order indicates in paragraphs 6-8 that Defendant did violate the California Corporations Code, including section 25110, so Debtor's arguments that the transactions at issue were exempt from California securities laws are not well-taken. However, whether or not the Desist & Refrain Order is

-10-

final,[4] section 523(a)(19) has two separate conditions for nondischargeability: (1) the debt must be for the violation of state or federal securities law or for common law fraud, deceit, or manipulation in connection with the sale of a security; and (2) the debt must "*result from*" a judgment, order, consent order or decree entered in a state or federal judicial or administrative proceeding or "result from" from any court or administrative order for damages or other payment.

Here, Plaintiffs have provided an order entered in a state administrative proceeding that finds that Defendant violated California securities laws and acted fraudulently or deceitfully in connection with the sales of securities. However, this Desist & Refrain Order does not impose any monetary liability on Defendant; moreover, the obligations purportedly owed by Defendant by Plaintiffs did not "result from" the Desist & Refrain Order. Unless and until Plaintiffs can demonstrate that Defendant's purported obligation to them "resulted from" a court or administrative agency decision, any claim under section 523(a)(19) is premature. That said, the findings of the California Department of Corporations may have issue-preclusive effect with respect to some of the elements of Plaintiffs' section 523(a)(2)

---

[4] California Corporations Code § 25532 provides that a desist and refrain order is deemed a final order if an order has been served on the person to whom it is directed, and that person fails to file a written request for hearing within 30 days of service. Plaintiffs have not provided information regarding the service of the order on Defendant, and Defendant's counsel stated at the hearing that Defendant was unaware of the Desist & Refrain Order until the motion to amend was filed.

-11-

and (a)(6) claims, but that issue has not been fully briefed by the parties.

**B.** *Defendant's Motion to Vitiate Admissions*

In their Motion for Summary Judgment (discussed below), Plaintiffs rely on deemed admissions of Defendant resulting from his failure to respond to Plaintiffs' request for admissions. As the court indicated at the hearing, it is granting the motion as the governing local rules preclude enforceability of the admissions.

The court entered an amended scheduling order that set a discovery cut-off date of December 15, 2011. On November 17, 2011, Plaintiffs served their requests for admission on Defendant by mail. The responses were due 33 days after service of the requests by mail (30 days under Rule 7036 and Federal Rule of Civil Procedure 36(a)(3) plus 3 days under Rule 9006(f)), so the deadline for responding was December 20, 2011, five days after the discovery cut-off date.

Bankruptcy Local Rule 1001-2(a) incorporates Civil Local Rule 37-3, which provides: "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." Interpreting the prior version of this local rule (then Civil Local Rule 26-2), District Judge Wilken refused to consider a nonresponse as a deemed admission where the deadline for the response occurred after the discovery cut-off date. Commonwealth

-12-

Annuity and Life Ins. Co. v. Dalessio, 2009 WL 2169868 (N.D. Cal. 2009).

In Dalessio, the defendants served the request for admissions on March 1 and the discovery cut-off in the case management order was March 31. Noting that Fed. R. Civ. P. 6(d) adds three days to the 30 day period of Fed. R. Civ. P. 36(a)(3) when the requests are served by mail, Judge Wilken refused to treat the admissions as deemed as the responses were due after the discovery cut-off. Judge Wilken cited the local rule and concluded that "[b]ecause the Request for Admissions was not timely served and no good cause has been shown, the statements therein are not admitted." This court will likewise follow the applicable local rules and not consider Defendant's nonresponse to the untimely requests for admissions as deemed admissions.

C. *Plaintiffs' Motion for Summary Judgment*

As the court will not treat Defendant's nonresponse to the untimely requests for admission as deemed admissions, factual issues exist as to the elements of Plaintiffs' section 523(a)(4) and (a)(6) claims, particularly with respect to intent. Defendant has filed a declaration indicating that he did not make misrepresentations, but were based on his "good faith" evaluation of the properties and project appraisals. He also observes that the plaintiffs received deeds and titles in exchange for their investments. Given that intent is a primary element of the claims, Defendant's declaration places a material fact in dispute. Summary judgment is therefore inappropriate at this juncture.

-13-

That said, if Plaintiffs can establish that the Desist & Refrain Order has issue preclusive effect as to the elements of their section 523(a)(4) and (a)(6) claims, summary judgment may eventually be appropriate.

D. *Plaintiffs' Motion to Amend Complaint*

For the reasons set forth in the discussion of Defendant's Motion to Dismiss, the court will deny Plaintiffs' Motion to Amend to add a section 523(a)(19) claim until they can demonstrate that their claims against Defendant "arose from" the Desist & Refrain Order (or another state or federal order). If they can demonstrate a right of restitution that arises as a matter of law as a result of the Desist & Refrain Order, or the existence of an order or judgment directing Defendant to compensate Plaintiffs or investors, they can at that point reassert the section 523(a)(19) claim. Under section 523(a)(19)(B), any such order or judgment can be entered at any time after the petition date. Moreover, the time limitations of Rule 4007 are inapplicable to a complaint for determination that a debt is nondischargeable under section 523(a)(19).

E. *Defendant's Motion to Compel Discovery*

At the hearing, Defendant's counsel conceded that his motion to compel discovery may have been rendered moot by Plaintiffs' voluminous supplemental responses (submitted to the court on September 6). Defendant reserved the right to renew his motion after reviewing the responses. Therefore, the court will deny the motion to compel discovery as moot.

-14-

### III. CONCLUSION

For the foregoing reasons, the court will grant Defendant's Motion to Dismiss as to the section 523(a)(4) and (a)(19) claims (with leave to amend the section 523(a)(19) claims if an order or decree satisfying section 523(a)(19)'s requirements is entered). The court will deny the balance of the Motion to Dismiss. The court will grant the Defendant's motion to vitiate admissions and will deny as moot his motion to compel discovery. The court will deny the Plaintiffs' Motion for Summary Judgment and Motion to Amend the Complaint. Counsel for Defendant should upload orders for each motion consistent with this memorandum decision (and state that the motions are granted or denied for the reasons set forth in this memorandum decision and on the record of the hearing). Counsel should comply with B.L.R. 9021-1 when uploading the order.

The court will hold an adversary proceeding status conference on November 30, 2012, at 1:30 p.m.

*** END OF MEMORANDUM DECISION ***